People v Perkett (2024 NY Slip Op 51292(U))

[*1]

People v Perkett

2024 NY Slip Op 51292(U)

Decided on September 18, 2024

City Court Of Little Falls, Herkimer County

Bannister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
City Court of Little Falls, Herkimer County

The People of the State of New York, Plaintiff,

against
Gary Perkett, Defendant

Case No. LC-346-24
Phillip O'Donnell, Esq.
Attorney for the Defendant

Joshua P. Bannister, J.

On September 13, 2024, the Defendant appeared before this Court's Centralized Arraignment Part (CAP) for an arraignment on: Burglary in the Third Degree; Petit Larceny; and, Criminal Mischief in the Fourth Degree. The Defendant has at least three felony convictions. The Defendant requested that this court release him on electronic monitoring rather than remanding him without bail. 
Although prohibited from setting bail by Criminal Procedure Law section 530.20[2]a][ii], this Court is aware there are some decisions holding that local courts have authority to set bail in this situation (see: Bradley v Baxter, 79 Misc 3d 988 [Sup Ct, Monroe County 2023]; People v Logvinsky, 2024 NY Slip. Op. 24137 [County Ct, Monroe County]; Parker v Hilton, 2024 NY Slip Op 32652[U] [Sup Ct, Oswego County]). However, those decisions are not binding on this Court as they were decided neither at the Appellate Divsion nor the Herkimer County Court. This Court denied the application to set bail and is issuing this written decision in the event either party wishes to take an appeal to the Herkimer County Court for clarification on this issue.
This Court agrees with Baxter's initial statement of law with respect to statutory construction that "[i]f language of a statute is plain and free from ambiguity, and expresses single definite and sensible meaning, words cannot be interpreted and courts have no authority to add to the language of law" (see McKinney's Cons Laws of NY Book 1 Statutes § 73, NY Annotations at 43 [2018 ed], citing Putnam County v State, 17 Misc 2d 541, 186 N.Y.S.2d 944 [Ct Cl 1959]). However, the court in Baxter reached its result in contravention of the plain meaning of the statute by relying on legislative history to redefine the word "felony" to mean "a qualifying offense which is a felony" (Baxter, at 997-998). The court in Bradley reached the same result with reference to legislative history. The court in Hilton accepted the holding in Baxter, but did not give the matter any substantial discussion. Interestingly enough, the court in People v Orroyo (79 Misc 3d 1213[A] [Rochester City Ct, Monroe County 2023]) declined to follow the holding in Bradley in part because of the legislative history of Criminal Procedure Law section 530.20.
Justice Scalia wrote in a concurring opinion "[t]he greatest defect of legislative history is its illegitimacy. We are governed by laws, not by the intentions of legislators. ... If one were to search for an interpretive technique that, on the whole, was more likely to confuse than to clarify, one could hardly find a more promising candidate than legislative history. And the present case nicely proves that point." Conroy v. Aniskoff, 507 U.S. 511, 519 [1993]). This sentiment is demonstrated here by the courts in Baxter and the Orroyo both referencing legislative history while reaching drastically different results.
The statute in question is crystal clear. As there is no ambiguity found within in the text of the statute, this Court disagrees with and declines to adopt the position held by the Courts in Baxter, Bradley, and Hilton. Therefore, this Court finds that it lacks the authority to order recognizance or bail when a defendant has multiple felony convictions. See Criminal Procedure Law section 530.20[2][a][ii].
Order
Therefore, it is hereby ORDERED:
1. The motion for this Court to set bail is hereby DENIED.
This is the Decision and Order of the Court.
Dated: September 18, 2024
Little Falls, New York
Joshua P. Bannister
City Court Judge